any legal question, it might be considered as a protest against the substance and manner of the summation, and forestall any suggestion that the objection thereto was an afterthought.

Order appealed from reversed, with $10 costs and disbursements, and motion to allow amendment granted.

---

## In re GRAY.

(Supreme Court, Appellate Division, First Department.   November 5, 1915.)

ATTORNEY AND CLIENT ⬦═58—MISCONDUCT—PENALTY.

    Where an attorney, who received money in settlement of his client's claim, of which he was entitled to one-half as a fee, converted the entire amount to his own use, but made restitution and frankly admitted his fault, his punishment will be limited to censure.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 76–78; Dec. Dig. ⬦═58.]

Proceeding by the Association of the Bar against James A. Gray, an attorney and counselor at law, for professional misconduct. Respondent censured.

See, also, 160 App. Div. 929, 145 N. Y. Supp. 1125.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Einar Chrystie, of New York City (Charles O. Maas, of New York City, of counsel), for petitioner.

PER CURIAM.   The respondent, a lawyer of mature age, who has been a member of the bar for over 20 years, is charged by the Association of the Bar with professional misconduct.   The facts are undisputed, and are as follows:

In October, 1912, the firm of Gray & Gray, composed of respondent and his son, were retained by Miss Sonia Bertin, otherwise known as Mrs. Sarah Saltzman, to prosecute a claim against the Pullman Car Company and the Pennsylvania Railroad Company for damages for an assault.   On August 18, 1913, the respondent, as one of the attorneys for Mrs. Saltzman, received from the Pullman Car Company $500 in settlement of the aforesaid claim for damages.   Under his agreement with his client he was entitled to retain one-half of the recovery.   The check for $500 he caused to be cashed, and retained and used the whole amount for his own purposes until the day he was served with the affidavit of his client and a letter from the attorney for the Association of the Bar, which was October 30, 1913.

The respondent frankly concedes that his conduct was improper, but he alleges that he could at any time have raised, by borrowing, the money necessary to pay his client what was due her.   The respondent's frankness in acknowledging his error, without any such attempt as we too often meet in these cases to offer false excuses commends him to

---

our favorable consideration. At the same time such grave misconduct as the conversion to his own use of his client's money cannot be entirely overlooked.

The respondent is severely censured for his unprofessional conduct.

---

HOLLY v. ROSENSTEIN et al.

(Supreme Court, Appellate Term, First Department. November 3, 1915.)

TRIAL ☞162—DISMISSAL—TIME FOR MOTION.

It is error to sustain defendants' motion to dismiss on the ground of failure of proof before plaintiff had rested.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 370; Dec. Dig. ☞162.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Willis Holly against Harry Rosenstein and another. From an order dismissing the complaint, and denying plaintiff's motion for a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Theodore T. Baylor, of New York City, for appellant.
Abraham A. Silberberg, of New York City, for respondents.

PER CURIAM. The record shows that the defendant made a motion to dismiss the action before the plaintiff had rested, which motion was granted for failure of proof. Such action was unwarranted.

The judgment must therefore be reversed, and a new trial granted, with $30 costs to appellant to abide the event.

---

RIBAK et al. v. WORHAFTIG.

(Supreme Court, Appellate Term, First Department. November 3, 1915.)

ATTACHMENT ☞47—GROUNDS—FRAUD.

Attachment will not be issued, upon the ground that defendant is about to dispose of his property with intent to defraud his creditors, unless evidence sufficient to establish the fraud is presented.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 120, 861–876; Dec. Dig. ☞47.]

Bijur, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Joseph Ribak and another against Herman Worhaftig, doing business as Metropolitan Chandelier Company. From an order granting a motion to vacate an attachment, plaintiffs appeal. Affirmed.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.